BLD-006                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1253
_____

UNITED STATES OF AMERICA

v.

ANDREW M. BERKOWITZ,
                                                   Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:19-cr-00356-001)
District Judge:  Honorable Paul S. Diamond

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 9, 2025
Before:  KRAUSE, MATEY, and BOVE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 8, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

January 2020, Andrew Berkowitz, a doctor who had operated a pain management clinic, pleaded guilty before Judge Diamond in the United States District Court for the Eastern District of Pennsylvania to 19 counts of healthcare fraud and 23 counts of distributing controlled substances without a legitimate medical purpose.  Berkowitz later sought to withdraw his plea.  The District Court did not permit him to do so, and, in May 2022, sentenced Berkowitz to 240 months' imprisonment and ordered restitution in the amount of approximately four million dollars.  This Court affirmed the District Court's judgment.  Rejecting Berkowitz's claim that the District Court erred in denying his motion to withdraw his guilty plea, this Court enforced the appellate waiver in his plea agreement.  See 3d Cir. Doc. Nos. 49 & 50 in C.A. No. 22-1967.

Litigation continued in the District Court.  The United States sought forfeiture and garnishment orders, and Berkowitz filed numerous motions, many of which, including "a motion to grant two[-]point reduction and motion to recuse" were denied as incomprehensible, see, e.g., ECF Nos. 448 & 449.  Berkowitz has also filed many appeals.

In January 2025, Berkowitz filed what he termed a resubmission of his motion for a two-point reduction.  He challenged the dismissal (without prejudice) of his earlier similar motion as incomprehensible, and he stated that he should get the benefit of a Sentencing Commission recommendation of a two-point reduction for some felons.  Berkowitz also sought the recusal of "Judge S.S. Diamond," asserting that he could not be "subjective" [sic] because of Berkowitz's "having submitted 16 Articles of

2

IMPEACHMENT to the Clerk of the House of Representatives," ECF No. 467 at 3. He

also stated that there is no one that Judge Diamond, a "lawless fascist criminally evil

SOB BASTARD," hates more than Berkowitz.[1] Id. at 8. With his filing, he also

included a notice of his self-nomination for a Congressional Medal of Honor (and the list

of reasons why he deserves one). The District Court denied the motion as "frivolous or

otherwise incomprehensible." ECF No. 468.

Berkowitz filed a timely notice of appeal.[2] After Berkowitz filed his brief, but

before the brief was due, the Government filed its timely, see 3d Cir. L.A.R. 27.4, motion

to summarily affirm the District Court's order.[3]

We have jurisdiction under 28 U.S.C. § 1291. We review an order denying a

motion to recuse and an order denying a motion for a sentence modification for abuse of

discretion. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d

Cir. 2000); United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). Upon review, we

---

[1] His filings in this Court have been similar in tenor to those in the District Court. For instance, he has claimed that Judge Diamond and the Judges of this Court are fascist, corrupt Nazis. We previously cautioned him that filing repetitive appeals or submitting documents that include "inappropriate, disrespectful, or offensive material" may result in sanctions. See, e.g., 3d Cir. Doc. No. 8 in C.A. No. 23-2136 (order entered October 19, 2023); 3d Cir. Doc. No. 14 in C.A. No. 23-3196 (order entered April 26, 2024). And when he nonetheless included inappropriate, disrespectful, and offensive language in documents filed with this appeal, we directed him to show cause why we should not impose a fine, filing restriction, or another sanction. See 3d Cir. Doc. No. 20. To the extent that he responded in an exhibit to his brief, Berkowitz seems to be saying that he understands himself to be using the language and arguments at his disposal to pursue a righteous cause and to push judges, including judges of this Court, to follow the rule of law. See 3d Cir. Doc. No. 23 at 53-56.
[2] In two motions, he requests oral argument.
[3] The motion also seeks summary affirmance in two other appeals. We do not consider that aspect of the motion here.

3

will summarily affirm the District Court's rulings because no substantial issue is raised on appeal.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (explaining that we may affirm on any ground supported by the record).

First, Berkowitz did not identify, and we do not see, anything that required the District Judge's recusal.  See Securacomm Consulting, Inc., 224 F.3d at 278 ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ."); In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (explaining that "unsupported, irrational, or highly tenuous speculation" is not a basis for recusal).

Second, we consider the ruling on Berkowitz's renewed motion for reduction in his sentence.  Berkowitz appears to have been seeking a reduction of his sentence in light of Amendment 821 to the Sentencing Guidelines.[4]  The District Court correctly denied the motion.

More specifically, to be eligible for a two-level reduction in his sentence under Part B of Amendment 821 for zero-point offenders, Berkowitz must meet a long list of criteria in addition to being a zero-point offender.  See U.S.S.G. § 4C1.1(a).  Among other things, as the Government argues, he must not have received an adjustment under

---

[4] Amendment 821 took effect November 1, 2023, and applies retroactively.  See Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Sept. 25, 2025).  It permits a two-level reduction for zero-point offenders who meet other criteria.  See U.S.S.G. § 4C1.1(a).

§ 3B1.1 for an "Aggravating Role."[5]  See id.  After reviewing Berkowitz's Presentence Report and the sentencing transcript, it is clear that Berkowitz received a four-level adjustment under U.S.S.G. § 3B1.1(a) for his role in organizing the health care fraud scheme, recruiting employees to join the conspiracy, and directing their criminal conduct. See PSR ¶ 48; ECF No. 397.  Accordingly, Berkowitz was not entitled to a reduction in his sentence under Amendment 821, and his motion was properly denied.

For these reasons, we will affirm the District Court's judgment.[6]  Additionally, Berkowitz has not shown cause why he should not comply with our orders to avoid inappropriate, disrespectful, and offensive language in communicating his arguments. Accordingly, and taking into account his in forma pauperis status, Berkowitz is fined $50. He must send a check to the Clerk's Office for $50 payable to the Clerk, United States Court of Appeals.  We again caution him that his submitting documents that include inappropriate, disrespectful, or offensive material may result in an additional fine, filing restriction, or other sanction.

---

[5] The Government also contends that another U.S.S.G. § 4C1.1(a) factor (whether the offense resulted in death or serious injury) applies because of one Berkowitz's patients died.   Because it is not necessary to our conclusion, we do not reach the issue.
[6] His motions for oral argument are denied.